UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUAN RAMON PEREZ DRIOS**, individually,

Plaintiff,

                                         CASE NO.: 6:19-CV-1139-PGB-LRH

vs.

**HOKKAIDO LAKE BUENA VISTA LLC**,
a Florida Limited Liability Company, and
**WAN XING LIN**, individually,

      Defendants.
_____/

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>

**COME NOW** Defendants, HOKKAIDO LAKE BUENA VISTA LLC. (hereinafter "HOKKAIDO") and WAN XING LIN (hereinafter "LIN") (collectively "Defendants"), by and through their undersigned counsel, file this Answer and Affirmative Defenses, and state as follows:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

1. Admitted for jurisdictional purposes only, otherwise denied.

2. Admitted.

3. Admitted for jurisdictional purposes only.

4. Without knowledge, therefore denied.

5. Admitted for venue purposes only, otherwise denied.

6. Admitted as to the type of action, denied as to entitlement to relief.

7. Admitted.

8.   Admitted.

9.   Denied.

10. Admitted.

11. Admitted as to HOKKAIDO.  Denied as to Plaintiff.

12. Denied.

13. Denied.

## GENERAL ALLEGATIONS

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

## PRESUIT DEMAND

26. Denied.

## COUNT I
## ALLEGATIONS INVOLVING THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST HOKKAIDO

27. Defendants restate responses 1-26.

28. Admitted that this is a claim for overtime pay, otherwise denied.

29. Denied.

30. Without knowledge as to what "Plaintiff estimates," therefore denied.  Specifically

     denied as to hours alleged or any liability therefrom.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II -
## ALLEGATIONS INVOLVING THE OVERTIME PROVISIONS
## OF FLSA AGAINST LIN

38. Defendants restate responses 1-26.

39. Admitted that this is a claim for overtime pay, otherwise denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III
## ALLEGATIONS INVOLVING THE MINIMUM WAGE PROVISIONS
## OF THE FLSA AGAINST HOKKAIDO

51. Defendants restate responses 1-26.

52. This paragraph contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendants deny any wrongdoing.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT IV
## ALLEGATIONS INVOLVING THE MINIMUM WAGE PROVISIONS OF THE
## FLSA AGAINST LIN

57. Defendants restate responses 1-26.

58. This paragraph contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendants deny any wrongdoing.

59. This paragraph contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendants deny any wrongdoing.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## DEMAND FOR JURY TRIAL

64.  Defendants admit that Plaintiff requests a jury trial in this paragraph.

## PRAYER FOR RELIEF

(a)  Defendants deny that Plaintiff is entitled to relief sought.

(b)  Defendants deny that Plaintiff is entitled to relief sought.

(c)  Defendants deny that Plaintiff is entitled to relief sought.

(d)  Defendants deny that Plaintiff is entitled to relief sought.

(e)  Defendants deny that Plaintiff is entitled to relief sought.

(f)  Defendants deny that Plaintiff is entitled to relief sought.

## GENERAL DENIAL

Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.  Defendant LIN should not have been named individually in this lawsuit as discussed below.  However, some Affirmative Defenses are presented with the plural of "Defendant" as "Defendant(s)."  They are presented in this manner in order to avoid foreclosing any defense to either Defendant.  In no way should this be interpreted as imputing any liability to either Defendant or as a waiver of any affirmative defense by either Defendant.

## AFFIRMATIVE DEFENSES

Plaintiff bears the burden of proof as to all allegations made in his Complaint. Defendants assert the following defenses to Plaintiff's Complaint, without conceding that Defendant has the burden of proof as to any issue in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant LIN is not liable under the FLSA because he was not an "employer" as defined by the FLSA.

## THIRD AFFIRMATIVE DEFENSE

At all times material, Defendant HOKKAIDO acted in good faith towards all employees and did not willfully, intentionally, or recklessly disregard or violate the Fair Labor Standards Act or any other law in its dealings with any employee.

## FOURTH AFFIRMATIVE DEFENSE

At all times material, Defendant LIN never acted in bad faith, or in any other manner, towards Plaintiff. Assuming arguendo that he had any dealings with Plaintiff, Defendant LIN never willfully, intentionally, or recklessly disregarded or violated the law in dealings with Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred by the Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendant(s) and was provided lodging by his employer, any calculation of wages and hourly rate must include a credit for the actual cost of lodging.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendant(s) and was provided meals by his employer, any calculation of wages and hourly rate must include a credit for the actual cost of meals.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendant(s), any calculation of Plaintiff's hours must include a deduction for unpaid meal breaks and any other non-compensable time allowed to Plaintiff during any workweek.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendant(s) and was provided transportation by his employer, any calculation of wages and hourly rate must include a credit for the actual cost of transportation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney fees because a good faith effort was not made by Plaintiff to resolve these claims prior to filing a Complaint in this action.

## TWELTH AFFIRMATIVE DEFENSE

Defendants did not know or did not show reckless disregard for whether their conduct was prohibited by the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because he seeks to recover for time that is *de minimus* and thus not compensable under the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages as Defendants did not act, or fail to act, in a manner sufficient to give rise to liquidated damages liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is awarded any relief, Defendants are entitled to set-off of any monetary damages for any income or benefits received by Plaintiff during the timeframe represented by such relief.  Also, to the extent that Plaintiff mitigated or failed to mitigate his damages, Defendants are entitled to factor such mitigation or failure to mitigate into any award of damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff was employed by Defendants, Plaintiff was paid in full all compensation required by the Fair Labor Standards Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants invoke all defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

## RESERVATION OF RIGHTS

Defendant reserves the right to add or amend Affirmative Defenses as additional information is discovered during the course of litigation.

RESPECTFULLY SUBMITTED on this 23[th] day of July, 2019.

> For the firm,
> _____s/ Don McManus___
> Don McManus
> Florida Bar No. 91190
> Law Offices of Don McManus, P.L.
> 7651-A Ashley Park Court Suite 403
> Orlando, FL 32835
> Telephone: 407-505-5888
> Email: donmcmanusEsq@gmail.com
> ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2019, I electronically filed the foregoing with the Clerk of the Courts via the CM/ECF system. In addition to filing, it will be delivered via electronic mail to Defendant's counsel at:

me@espino-law.com

s/ Don McManus
Don McManus