**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUAN RAMON PEREZ DRIOS,**

    **Plaintiff,**

**v.**                                                  **Case No:   6:19-cv-1139-Orl-40LRH**

**HOKKAIDO LAKE BUENA VISTA LLC**
**and LIN WAN XING,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **FOURTH JOINT MOTION FOR APPROVAL OF THE PARTIES' FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 28)**
>
> **FILED:**     **December 17, 2019**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND.**

On June 20, 2019, Plaintiff Juan Ramon Perez Arias[1] filed a complaint against Defendants Hokkaido Lake Buena Vista LLC and Lin Wan Xing, alleging that Defendants violated the overtime

---

[1] As discussed *infra*, although the style of the case reflects Plaintiff's second surname as "Drios," the parties have clarified that this was a clerical mistake, and Plaintiff's second surname is actually "Arias." *See* Doc. No. 28, at 1.

and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Doc. No. 1. On November 12, 2019, the parties notified the Court that they had reached a settlement. Doc. No. 21. The parties also filed a joint motion asking the Court to approve their settlement agreement. Doc. No. 22. Because the parties did not include a copy of their settlement agreement with the motion, the undersigned denied that motion without prejudice. Doc. No. 23.

The parties thereafter filed a renewed motion. Doc. No. 24. The undersigned denied that motion without prejudice for several reasons: (1) the parties had not explained the amount of wages Plaintiff claimed to be owed and whether and to what extent Plaintiff had compromised his claims; (2) the motion and settlement agreement did not separately delineate Plaintiff's claims for unpaid wages, liquidated damages, and attorney's fees; (3) the parties had not sufficiently supported the propriety of some of the remaining terms of the agreement, including a broad general release, a non-disparagement clause, and a confidentiality provision; and (4) the parties asked that the Court retain jurisdiction to enforce the settlement, without providing any authority to support that request. Doc. No. 25. The undersigned further ordered the parties to clarify a discrepancy regarding Plaintiff's surname. *See id.* at 1.

On November 25, 2019, the parties filed a third motion for settlement approval. Doc. No. 26. The undersigned again denied the parties' motion because the parties had failed to rectify several of the deficiencies with their agreement and motion, which included: (1) failure to sufficiently explain the compromise of Plaintiff's claim; (2) failure to address whether Plaintiff was receiving liquidated damages; (3) failure to address the reasonableness of attorney's fees to be paid to Plaintiff's counsel; (4) failure to address the request that the Court retain jurisdiction over this case; and (5) failure to address the discrepancy regarding Plaintiff's last name. Doc. No. 27.

Now, the parties have filed the fourth version of their joint motion for settlement approval. Doc. No. 28. With the motion, they have included a copy of their fully executed Settlement and General Release ("Agreement"). Doc. No. 28-1. The parties request that the Court approve their settlement in accordance with *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismiss this case with prejudice. Doc. No. 28, at 6–7.

The joint motion was referred to the undersigned, *see* Doc. No. 6, and the matter is ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]  The parties may demonstrate the reasonableness of the attorney's fees by either: (1) using the lodestar method; or (2) representing that the parties agreed to the plaintiff's attorney's fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. *Plaintiff's Surname.*

The style of the case and several of Plaintiff's filings in this matter reflect Plaintiff's second surname as "Drios."  However, all of the documents relating to settlement approval, including Plaintiff's answers to the Court's interrogatories, reflect Plaintiff's second surname as "Arias."  Doc. No. 16, at 5; Doc. No. 28; Doc. No. 28-1.  The parties have now clarified that use of "Drios" was a clerical mistake, and "Arias" is Plaintiff's proper second surname.  *See* Doc. No. 28, at 1 n.1.  Accordingly, the undersigned respectfully recommends that the Court direct the Clerk of Court to update the style of the case to reflect Plaintiff's proper full name: "Juan Ramon Perez Arias."

### B. *Whether Plaintiff Has Compromised His FLSA Claims.*

Pursuant to the Agreement, Defendants will pay Plaintiff $14,500.00 for settlement of Plaintiff's FLSA unpaid wage claims, inclusive of all liquidated damages and attorney's fees.  Doc.

---

down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36–2.

No. 28-1 ¶ 2. In answers to the Court's interrogatories, Plaintiff averred that he was owed a total of $44,979.48 in unpaid overtime and minimum wages, inclusive of liquidated damages. Doc. No. 16, at 3. He also averred that he had incurred $6,080.00 in attorney's fees and costs to date. *Id.*

In the joint motion, the parties provide a chart explaining how they arrived at the amounts Plaintiff will receive in compromise of his claim. The chart specifies that Plaintiff will receive $3,809.79 in unpaid wages and $3,809.78 in liquidated damages, and the parties ultimately rounded the figure to a total of $7,634.91. Doc. No. 28, at 5–6. The remainder of the funds will be allocated as $500.00 in additional consideration to Plaintiff in exchange for a general release and other non-cash concessions, $6,000.00 in attorney's fees, and $865.09 in costs. *Id.* at 6.

Based on these representations, and because Plaintiff will receive less under the Agreement than the amount he claimed that he was owed for his wage claim under the FLSA, Plaintiff has compromised his claim within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

      C.      *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. Both Plaintiff and Defendants are represented by experienced counsel in this matter. Doc. No. 28, at 3. The parties agree that there are several disputed issues in this case, which include the number of hours that Plaintiff actually worked; whether Plaintiff took unpaid breaks; whether Defendants are entitled to a credit for meals and lodging; whether Defendants acted with a good faith belief that they did not violate the FLSA; and whether Defendants' defenses are meritorious. *Id.* at 4. The parties further explain that in answering the Court's interrogatories, Plaintiff included non-compensable

commuting time in his calculation of hours worked, which both parties agree was unintentional. *Id.* at 5.  Plaintiff further made no allowance for two unpaid 30-minute breaks per day.  *Id.* at 5.  Thus, from Defendants' standpoint, Plaintiff is not compromising his claim (compensation for 56 hours per week), although Plaintiff deems the claim compromised because he originally anticipated payment for 67 hours per week.  *Id.*  The parties recognize the inherent uncertainty in proceeding with the case, and have decided to settle.  *Id.* at 6.  They agree that their settlement is reasonable in this case.  *Id.* at 8.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA claim, the undersigned recommends that the Court find the amount of the settlement reasonable.  *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### D.  *Attorney's Fees and Costs.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement.  *See Silva*, 307 F. App'x at 351.  Pursuant to the Agreement, Plaintiff's counsel will receive $6,000.00 in attorney's fees for the work performed on Plaintiff's behalf.  Doc. No. 28, at 6.  The parties represent that the "[a]ttorney's fees were negotiated separately for [*sic*] Plaintiff's settlement, without regard to the amount paid to Plaintiff."  *Id.*

Based on these representations, and in the absence of objection, the undersigned recommends that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff agreed to accept for resolution of his FLSA

wage claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

### E. Other Provisions of the Agreement.

In the joint motion, the parties acknowledge that the Agreement in this case contains a mutual general release. Doc. No. 28, at 7; *see* Doc. No. 28-1 ¶ 4. The Agreement also includes a mutual non-disparagement clause and a confidentiality provision. Doc. No. 28-1 ¶¶ 5, 6. The parties ask that the Court find these provisions permissible because: (1) they are mutual; and (2) Defendants are compensating Plaintiff $500.00 in additional consideration in exchange for these provisions. Doc. No. 28, at 6, 7. The Agreement states that each of these provisions "were considered separately and without regard to the amount" received by Plaintiff for his FLSA claim. Doc. No. 28-1 ¶ 2.

In general, a release in a settlement agreement is "reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015). General releases are largely disfavored in the context of an FLSA settlement because they are viewed as affecting the fairness and reasonableness of the settlement. *See, e.g.*, *Menjiva v. E & L Const. Serv., LLC*, No. 6:14-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015). However, courts will approve an FLSA settlement agreement that contains a general release where the plaintiff is paid separate consideration for the provision. *See Roman v. FSC Clearwater, LLC*, No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release), *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *see also Middleton v. Sonic*

*Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (collecting authority). The presiding District Judge has similarly concluded in the past that a general release supported by separate monetary consideration is permissible. *See, e.g.*, *Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017) (approving settlement that provided separate consideration for general release and other non-cash concessions); *Peralta v. Tropic Decor, Inc.*, No. 6:15-cv-38-Orl-40GJK, 2016 WL 1130275, at *3 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted*, 2016 WL 1110511 (M.D. Fla. Mar. 22, 2016) (approving general release in exchange for $100.00 in additional consideration); *see also Melody Foster v. Metal Essence, Inc.*, No. 6:18-cv-66-Orl-40DCI, Doc. No. 42 (M.D. Fla. May 28, 2019) (approving agreement that provided for separate monetary consideration in exchange for general release).

Here, Plaintiff is receiving an additional $500.00 in consideration for the general release, the confidentiality provision, and the non-disparagement clause. In light of this additional consideration, the undersigned finds that the general release does not affect the overall fairness and reasonableness of the settlement. *See Ramos*, 2017 WL 1379825, at *5, *report and recommendation adopted*, 2017 WL 1365642; *Peralta*, 2016 WL 1130275, at *3, *report and recommendation adopted*, 2016 WL 1110511.

Likewise, the undersigned finds that the separate consideration adequately supports inclusion of the non-disparagement clause in the Agreement. As with general release provisions, when separate consideration is paid to the plaintiff, courts will generally allow the inclusion of non-disparagement clauses in FLSA settlement agreements. *See Bravo v. Ross Dress for Less Inc.*, No. 6:18-cv-2210-Orl-28LRH, 2019 WL 3387003, at *4 (M.D. Fla. May 23, 2019) (and cases cited

therein), *report and recommendation adopted*, 2019 WL 3383536 (M.D. Fla. May 28, 2019); *Ramos*, 2017 WL 1379825, at *5, *report and recommendation adopted*, 2017 WL 1365642 (approving non-disparagement clause when separate consideration was given).

However, the confidentiality provision is problematic. The confidentiality provision is essentially "irrelevant because once the settlement agreement was filed on the docket it became a public record." *Rabb v. Whole Foods Mkt. Grp., Inc.*, No. 6:18-cv-300-Orl-40TBS, 2018 WL 3468714, at *3 (M.D. Fla. July 3, 2018), *report and recommendation adopted*, 2018 WL 3458300 (M.D. Fla. July 18, 2018). Thus, "confidentiality is moot and not enforceable against Plaintiff." *See id.*; *see also Holley v. Sebek Kirkman LLC*, No. 6:15-cv-1626-Orl-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016) (noting a confidentiality provision is "inherently unenforceable due to the public filing"), *report and recommendation adopted*, 2016 WL 3231232 (M.D. Fla. June 13, 2016). Moreover, "the confidentiality provision is unfair and otherwise violates the public policy underlying the FLSA." *See Rabb*, 2018 WL 3468714, at *3, *report and recommendation adopted*, 2018 WL 3458300.

The Agreement contains a severability clause. *See* Doc. No. 28-1 ¶ 10. Accordingly, the Court should sever the confidentiality provision from the Agreement. *See Rabb*, 2018 WL 3458300, at *1 (severing confidentiality provision from FLSA settlement agreement, finding that it was moot, unenforceable, and violated public policy).

**IV. RECOMMENDATION.**

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court:

1. **DIRECT** the Clerk of Court to update the style of the case to reflect Plaintiff's correct name: "Juan Ramon Perez Arias";

2. **GRANT in part and DENY in part** the Fourth Joint Motion for Approval of the Parties' FLSA Settlement Agreement and Dismissal with Prejudice (Doc. No. 28);

3. **SEVER** the confidentiality provision from the Agreement (Doc. No. 28-1 ¶ 6);

4. **FIND** that the parties' Agreement (Doc. No. 10-1), as amended by the Court, is a fair and reasonable resolution of a bona fide dispute under the FLSA;

5. **DISMISS** the case with prejudice; and thereafter

6. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 23, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy